1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10

11    CHRISTIE TORRES-BOYD,                      No. 2:23-cv-00659-TLN-AC

12                    Plaintiff,

13           v.                                   **ORDER**

14
      THYSSENKRUPP SUPPLY CHAIN
15    SERVICES NA, INC.; ELLIOTT (LNU);
      and DOES 1 through 20, inclusive,
16
17                    Defendants.

18

19

20

21

22          This matter is before the Court on Plaintiff Christie Torres-Boyd's ("Plaintiff") Motion to

23    Remand.  (ECF No. 6.)  Defendant Thyssenkrupp Supply Chain Services NA, Inc.[1]

24    ("Thyssenkrupp") filed an opposition.  (ECF No. 8.)  Plaintiff filed a reply (ECF No. 10) and

25

26

27    _____
      [1]       The complaint erroneously identified Thyssenkrupp Supply Chain Services, Inc.  Plaintiff
28    subsequently corrected the error.  (ECF No. 1 at 28.)

                                                    1

Thyssenkrupp filed a sur-reply (ECF No. 12).[2]  Defendant Elliott (LNU)[3] ("Elliott") did not file an opposition.  For the reasons set forth below, the Court hereby GRANTS Plaintiff's motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case concerns the alleged sexual harassment Plaintiff experienced while working for Thyssenkrupp.  Plaintiff is a California citizen (ECF No. 1 at 3–4) and alleges Elliott is too.  (*See id.* at 16.)  Thyssenkrupp is a company that operates in California with its principal place of business and place of incorporation in Michigan.  (*Id.* at 4–5.)

In April 2019, Thyssenkrupp hired Plaintiff to work as a truck driver based in California.  (ECF No. 1 at 17.)  During Plaintiff's employment over the next three years, Plaintiff alleges she was subjected to sexual harassment and "an abusive and hostile work environment on the basis of her sex" by several male co-workers and her male supervisor.  (*Id.*)  In early 2022, Plaintiff began working with Elliott who she alleges sexually harassed her for months.  (*Id.* at 18.)  In response to Plaintiff repeatedly opposing Elliott's "harassing and discriminatory conduct," Elliott "would ignore her, continue harassing her, and/or tell her that he would not stop harassing her."  (*Id.*)  Despite Plaintiff reporting Elliot's behavior to her supervisor, Plaintiff alleges Thyssenkrupp failed to address her concerns and allowed Elliott to continue working alongside her for months.  (*Id.*)

On March 1, 2023, Plaintiff filed the operative Complaint against Thyssenkrupp, Elliott, and several unnamed defendants in the San Joaquin County Superior Court, alleging: (1) sexual harassment and a hostile work environment in violation of the California Fair Employment and Housing Act ("FEHA"); (2) sex discrimination in violation of the FEHA; (3) failure to prevent harassment and discrimination in violation of the FEHA; and (4) retaliation in violation of the

---

[2]     Thyssenkrupp filed a sur-reply without the Court's prior approval.  The Local Rules and the Federal Rules of Civil Procedure only allow for the filing of a motion, opposition, and a reply.  Neither set of rules provides an automatic right for a sur-reply, nor did the Court request a sur-reply.  Accordingly, the Court will not consider Thyssenkrupp's sur-reply.  (ECF No. 12.)

[3]     Plaintiff alleges she did not know Elliott's last name at the time she filed her Complaint but subsequently discovered Elliott's last name to be "Dominguez."  (ECF No. 10 at 3–4.)  Plaintiff indicates she intends to amend her Complaint to add this information.  (*Id.*)

FEHA.  (ECF No. 1 at 18–23.)  Plaintiff's first cause of action is against all Defendants, while the remaining three causes of action are against Thyssenkrupp and the unnamed Defendants.  (*Id.*)

On April 7, 2023, Thyssenkrupp removed the action to this Court based on diversity of citizenship (ECF No. 1) and Plaintiff filed the instant motion to remand on May 5, 2023 (ECF No. 6).  Plaintiff has not yet served Elliott (ECF No. 6-1 at 3) and Elliott has not appeared in this matter.[4]

## II.   STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000.  28 U.S.C. § 1332(a)(1).  Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e., complete diversity).  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Diversity is determined at the time the complaint is filed and removal is effected.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  For diversity purposes, a corporation is a citizen of the state in which it is incorporated and any state in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  An individual defendant's citizenship is determined by the state in which they are domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction — typically the defendant in the substantive dispute — has the burden to prove, by a preponderance of the evidence, that removal is proper."  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).  "The preponderance of the evidence standard

---

[4]    Plaintiff alleges she encountered issues serving the Summons and Complaint on Elliott because she did not know his last name or the address of his personal residence.  (ECF No. 6-1 at 2–3.)  At some point between the filing of the Complaint and the instant motion to remand, however, Plaintiff discovered Elliott's last name is "Dominguez."  (*See, e.g.*, ECF No. 6 at 3.)  Plaintiff still does not know Elliott's address but has indicated she continues to try to ascertain that information and effectuate service.  (ECF No. 6-1 at 2–3.)

1 applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is

2 any doubt as to the right of removal in the first instance.'" *Id.* (quoting *Gaus v. Miles, Inc.*, 980

3 F.2d 564, 566 (9th Cir. 1992). "This gives rise to a 'strong presumption against removal

4 jurisdiction [which] means that the defendant always has the burden of establishing that removal

5 is proper.'" *Id.* (quoting *Gaus*, 980 F.2d at 566).

6     **III.**   **ANALYSIS**

7         A.   <u>Remand</u>

8         In moving to remand, Plaintiff argues there is not complete diversity because Plaintiff and

9 Elliot are both citizens of California.  (ECF No. 6 at 6–8.)  In opposition, Thyssenkrupp argues

10 the Court should disregard Elliot's citizenship because Plaintiff fraudulently joined Elliott to this

11 action to defeat diversity.[5]  (*See* ECF No. 8 at 3–10.)

12         "[D]istrict courts may disregard the citizenship of a non-diverse defendant who has been

13 fraudulently joined." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th

14 Cir. 2018).  "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading

15 of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

16 diverse party in state court.'"  *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044

17 (9th Cir. 2009)).  "Fraudulent joinder is established the second way if a defendant shows that an

18 'individual[] joined in the action cannot be liable on any theory.'"  *Id.* (quoting *Ritchey v. Upjohn*

19 *Drug Co*, 139 F.3d 1313, 1318 (9th Cir. 1998).  "But 'if there is a possibility that a state court

20 would find that the complaint states a cause of action against any of the resident defendants, the

21 federal court must find that the joinder was proper and remand the case to the state court.'"  *Id.*

22 (quoting *Hunter*, 582 F.3d at 1046).  "A defendant invoking federal court diversity jurisdiction on

23 the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption

24 against [finding] fraudulent joinder.'"  *Id.* (quoting *Hunter*, 582 F.3d at 1046).

25         Thyssenkrupp argues Plaintiff fraudulently joined Elliott in this action because Elliott is a

26 ───────────────

27 [5]    In its notice of removal, Thyssenkrupp argued for the application of the forum defendant rule.  (ECF No. 1 at 5–6.)  Thyssenkrupp does not renew this argument in its opposition and the Court deems it abandoned.  *See Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir.

28 2005) (plaintiff abandoned claims by not raising them in opposition).

1   fictitious Defendant and Plaintiff is unable to establish a viable cause of action against him.

2   *1. Fictitious Defendant*

3   Thyssenkrupp first argues Elliott is a fictitious defendant because he is "no different than

4   the other Doe defendants" as Plaintiff's complaint "lacks sufficient detail to identify this

5   individual or his citizenship."  (ECF No. 8 at 5.)

6   In determining whether a civil action is removable based on diversity jurisdiction, the

7   citizenship of defendants sued under fictitious names shall be disregarded.  28 U.S.C. §

8   1441(b)(1).  "However, if the plaintiff's complaint provides a description of a partially named

9   defendant in a manner such that his or her identity cannot be questioned, then the court should

10  consider his or her citizenship for purposes of determining diversity jurisdiction."  *Tipton v.*

11  *Zimmer, Inc.*, No. CV 15-04171-BRO(JCx), 2016 WL 3452744, at *3 (C.D. Cal. June 23, 2016),

12  aff'd, 715 F.App'x 763 (9th Cir. 2018).

13  Plaintiff contends Elliott is not a fictitiously named defendant, and thus, the Court should

14  consider his citizenship for removal purposes.  (ECF No. 6 at 8.)  The Court agrees.  Plaintiff's

15  Complaint identifies Elliott as a Thyssenkrupp truck driver who worked with Plaintiff for months

16  and is a resident of San Joaquin County, California.  (ECF No. 1 at 16, 18.)  Moreover, after

17  further investigation, Plaintiff alleges she discovered Elliot's last name is "Dominguez" and

18  intends to amend her complaint to add this information.  (ECF No. 10 at 3–4.)  Thus, the Court

19  finds Plaintiff has described Elliott with sufficient detail to determine his identity such that he

20  does not constitute a fictitious or "Doe" defendant under § 1441(b)(1).

21  *2. Plaintiff's Claims Against Elliott*

22  As discussed above, Plaintiff brings one cause of action against Elliott for sexual

23  harassment and a hostile work environment in violation of the FEHA.  (ECF No. 1 at 18–20.)

24  Thyssenkrupp argues Plaintiff fraudulently joined Elliott because Elliott's alleged conduct does

25  not give rise to a viable cause of action under the FEHA.  (ECF No. 8 at 5–10.)

26  "If [a] plaintiff fails to state a cause of action against a resident defendant, and the failure

27  is obvious according to the settled rules of the state, the joinder of the resident defendant is

28  fraudulent."  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).  Put

differently, to establish fraudulent joinder a defendant must show "the individuals joined in the action cannot be liable on any theory." *Ritchey*, 139 F.3d at 1318.  "But 'if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1044).

"[T]o establish liability in a FEHA hostile work environment sexual harassment case, a plaintiff employee must show she was subjected to sexual advances, conduct, or comments that were severe enough or sufficiently pervasive to alter the conditions of her employment and create a hostile or abusive work environment." *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 283 (2006).  Thyssenkrupp does not argue that Plaintiff has not alleged, or cannot prove, one or more of these elements.  Instead, Thyssenkrupp focuses on the severity and pervasiveness of Elliott's alleged conduct.  (ECF No. 8 at 6.)  Thyssenkrupp's focus is misplaced, however, because "[t]he standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani*, No. C-96-3344 SI, 1996 WL 732506, at * (N.D. Cal. Dec. 11, 1996).  Thus, as Thyssenkrupp concedes, there is no obvious failure in Plaintiff's ability to state a cause of action against Elliott.

Accordingly, the Court finds Thyssenkrupp has not met its burden to establish fraudulent joinder, and therefore, complete diversity does not exist.  The Court hereby GRANTS Plaintiff's motion to remand.

### B.   Attorney's Fees

Plaintiff also argues she is entitled to attorney's fees incurred in bringing the instant motion to remand.  (ECF No. 6 at 13–14.)  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."  28 U.S.C § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The decision to award attorney's fees rests within the trial court's discretion and does not require a showing that removal

1    was in bad faith.  *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

2           In the instant case, the Court cannot say Thyssenkrupp "lacked an objectively reasonable

3    basis for seeking removal."  *Martin*, 546 U.S. at 141.  Although Thyssenkrupp failed to persuade

4    this Court Elliott has been fraudulently joined, Thyssenkrupp raised reasonable arguments.  For

5    example, the Court notes there is presently a split of authority amongst the district courts within

6    the Ninth Circuit regarding whether a partially named defendant is a fictitious defendant.

7    *Compare Reiling v. Hobby Lobby Stores, Inc.*, No. CV220124MWFSHKX, 2022 WL 910218

8    (C.D. Cal. Mar. 29, 2022) (finding a partially named defendant to be the functional equivalent to

9    a Doe defendant), *with Tipton*, 2016 WL 3452744, at *3 (partially named defendant is not a Doe

10   defendant).

11          Accordingly, the Court DENIES Plaintiff's request for attorney's fees.

12   **IV.    CONCLUSION**

13          For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand but DENIES

14   Plaintiff's request for attorney's fees.  (ECF No. 6.)  This case is hereby REMANDED to the San

15   Joaquin County Superior Court.  The Clerk of Court is directed to close this case.

16          IT IS SO ORDERED.

17   Date:  November 15, 2023

18

19

20   _____

21   Troy L. Nunley
     United States District Judge

22

23

24

25

26

27

28